# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

## INFORMAL BRIEF FOR HABEAS AND SECTION 2255 CASES

No. 15-6232,    US v. Marvin Powell

5:04-cr-00356-F-1, 5:10-cv-00445-F

**1. Jurisdiction**

A. Name of Court from which you are appealing: UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NORTH CAROLINA WESTERN DIVISION

B. Date(s) of order or orders you are appealing: December 16, 2014

**2. Timeliness of notice of appeal (for prisoners)**

Exact date on which notice of appeal was placed in the institution's internal mailing system for mailing to the District Court:

Notice of Appeal was electronically by counsel February 16, 2015.

**3. Certificate of Appealability**

Did the district court grant a certificate of appealability?    Yes[ ]  No[x]

**4. Issues on Appeal**

**Issue 1.** Counsel was ineffective for failing to file a Motion to Dismiss for Prejudicial Pre-Indictment delay.

**Supporting Facts and Argument.**

With respect to this Ground 1 of the Petitioner's 2255 motion, the district court erred in its analysis for finding prejudice, by solely limiting its prejudice analysis to considering the evidence lost to the Petitioner, because of the government's delay for impeachment purposes only, where the lost evidence was also sought by the defense to be entered for the purposes of supporting the defense's theory of the case and to refute the government's theory. The lost evidence was not just impeaching but also material to proving the defense's theory. It being the crux of and crucial to the Petitioner's defense, the loss of this evidence because of the government's delay caused the Petitioner to suffer "actual prejudice" in that his defense was "meaningfully impaired in his ability to defend against the [government's] charges to such an extent that the disposition of the criminal proceeding was likely effected." See Jones v. Angelone

In order to establish "actual prejudice" from a loss of evidence, must describe generally the evidence and demonstrate how that [evidence was connected to the defense, show that there is no substitute source for the information in the [evidence] and show that the loss of evidence is directly traceable to the government's delay.

In the instant case, the loss of evidence is the loss of the use of a prior felony drug trafficking conviction, (File No. 93-CRS-7329, 11465) of Bernard junior Lynch, the lynchpin in the government's case and sole witness to the conduct alleged in the Petitioner's indictment.

The evidence was inextricably linked to the Petitioner's "mere presence" defense. The defense's theory was that Bernard Lynch trafficked cocaine independent of the defendant as he had been doing continuously for practically a decade prior to Powell being in his "mere presence", and now with his knowledge of drug trafficking and criminal procedure, Lynch was falsely implicating Powell to escape doing over a decade in prison for Lynch's independent criminal activity. With evidence of Lynch's prior drug trafficking convictions, the Petitioner could have supported his defense with the following facts. One being that Lynch was a drug dealer prior to Powell being in his "mere presence", who had been selling cocaine since at least 05/07/1993, since it would have been shown that Lynch was arrested on that date for possession of cocaine with intent to sell and deliver and obstructing an officer, the former of which he plead guilty to and the latter was dismissed. This PWISD cocaine offense was consolidated for judgment on 01/04/1994 with a felony possession of cocaine charge stemming from Lynch possessing cocaine on 07/23/1993, just two and a half months after Lynch was first charged with possessing cocaine with the intent to sell and deliver on 05/07/1993. On the same day, Lynch was again charged with obstructing an officer, though this charge too was dismissed when Lynch pled guilty to the PWISD cocaine charge. Still before Lynch could plead guilty to his 05/07/1993 PWISD cocaine charge and his 07/23/1993 possession of cocaine charge, on 11/10/1993 Lynch was now charged with trafficking cocaine, PWISD cocaine, and felony possession of cocaine

though all three of these charges were dismissed on 01/05/1994 in exchange for Lynch pleading guilty to his 05/07/1993 and 07/23/1993 cocaine offenses on 01/04/1994. In between these cocaine offenses, Lynch was charged with possession of drug paraphernalia and again obstructing an officer to which he pled guilty on 11/23/1993. With these convictions, one on 11/23/1993 and the other on 01/04/1994, Lynch manage to end up with only a sentence of [3] years supervised probation and various suspended sentences. While on probation, Lynch continued his lawlessness by committing fraudulent activities, "a false telephone credit" against Eula May Hicks to which he pled guilty to this misdemeanor in Franklin County, NC on 09/18/1995. Lynch's felony drug convictions were in Nash County, NC so he was able to duck a probation violation on this subsequent conviction. That was until 07/16/1996, when Lynch was again arrested for possession of drug paraphernalia, this time in Wake County, NC to which he later pled guilty to and caused him to violate his probation.

The Petitioner needed this consolidated felony drug conviction, (File No. 93-CRS-7329, 11465 Nash County NC) to support his "mere presence" defense. These prior cocaine offenses would have conclusively established that Lynch dealt cocaine prior to Powell coming in his "mere presence". It would have also established that based on his past actions that Lynch was more likely have continuously dealt in cocaine independent of Powell from his first 05/07/1993 PWISD cocaine charge, up until he was arrested on 05/14/2003 for cocaine offenses. Since past behavior often predicts future behavior, a reasonable jury could have inferred that if Lynch continued to sell cocaine after he got caught on 05/07/1993 at least two other times and had also possessed drug paraphernalia on at least two occasions, the last time being 07/16/1996 then it was very likely that Lynch was probably selling cocaine up until his 05/14/2003 arrest, independent of the Petitioner and that cocaine was at Lynch's residence prior to Powell being in is "mere presence", contrary to the government's theory of the case that no cocaine was at the residence until Powell was present there.

The jury would have also been made aware of all the interaction that Lynch had previously with law enforcement and show he was familiar enough with the judicial process, to support the defenses theory of the case that Lynch was a seasoned drug trafficker and criminal with the knowledge and experience concerning the criminal justice system that would allow him to be shrewd enough to barter his guilty soul for that of the innocent Petitioner.

Considering the above argument it is clear that the district court erred in not taking it's prejudice analysis beyond the impeachment value of the lost evidence specified above. So even if prejudice did not stem from losing the impeachment value of the lost evidence, it is clear the petitioner has shown the loss of Lynch's prior cocaine charges prejudiced the Petitioner by "meaningfully impairing his ability to defend against the [government's] charges to such an extent that the disposition of [his] criminal proceeding was likely effected." Not only would this lost evidence support the defense's theory but it would have opened other lines of cross examination that would have totally refuted the government's case. Because of such, the

Petitioner suffered "actual prejudice" directly traceable to the government's delay as previously argued in the related prior pleadings concerning the Petitioner's 2255 motion.

The Petitioner still contends that he was also suffered "actual prejudice" also in losing the conviction for impeachment purposes since these lost felony convictions could not be substituted for any other entered evidence, since any other argued prior conviction was not of felony magnitude and would not show the jury the extent of Lynch's prior drug trafficking experience independent of Powell. Considering such the district court also erred in concluding that losing the evidence for impeachment purposes, the Petitioner didn't suffer prejudice.

Considering such it is clearly debatable among jurist whether the petitioner was prejudiced by the loss of impeachment evidence, Lynch's only felony drug conviction because of the government's delay and it is also clear that the district court erred in limiting it's prejudice analysis to the impeachment valued of the lost evidence and not extending the analysis to the loss meaningfully impairing the defendant's ability to defend against the government's charges to such an extent that the results of the criminal proceeding was likely effected as detailed in the petitioner's prior pleadings. It is also clear that with a correct prejudice finding the Petitioner's original motion and ground 1 presents a debatable constitutional question and that this court should grant COA.

**Issue 2.** Counsel was ineffective for failing to investigate Lynch's criminal record.

**Supporting Facts and Argument.**

With respect to Ground 3 of the Petitioner's 2255 motion, the district court again erred in its analysis for finding prejudice, by solely limiting its prejudice analysis to considering the evidence lost to the Petitioner, because of the government's delay for impeachment purposes only, where the lost evidence was also sought by the defense to be entered for the purposes of supporting the defense's theory of the case and to refute the government's theory. The lost evidence was not just impeaching but also material to proving the defenses theory. It being the crux of and crucial to the Petitioner's defense, the loss of this evidence because of the government's delay caused the Petitioner to suffer "actual prejudice" in that his defense was "meaningfully impaired in his ability to defend against the [government's] charges to such an extent that the disposition of the criminal proceeding was likely effected." See Jones v. Angelone.

The Petitioner reiterates that argument of Issue 1 of this pleading with respect to Issue 2 of this pleading, and ask this Court considering this brief is limited to 14,000 words to use the argument above in issue 1 for issue 2, since the argument for both are identical, in that the "actual

prejudice" stems from the same set of facts and circumstances and the district court erred in the same fashion by limiting its prejudice analysis to the impeachment value of the lost evidence instead of also considering how the Petitioner's defense was meaningfully impaired to such an extent that the disposition of the criminal proceeding was likely effected by the erroneously excluded and lost evidence. A debatable constitutional question is presented in the petitioner's original pleading and its ground 3 so this court should grant COA.


**Issue 3.**   Counsel was ineffective for failing to request lesser included offense and simple possession instruction

**Supporting Facts and Argument.**

With respect to Ground 10 of the Petitioner's 2255 motion, the district court erred in concluding that the petitioner's counsel's failing to request a lesser included offense and simple possession instruction after arguing such, was a tactical decision, absent an evidentiary hearing where the Petitioner's counsel could apprise the district court of whether her failure was the result of a tactical decision or whether she simply forgot to request such. Nothing in the record indicates the counsel's failure was a tactical decision for the district court to base its ruling. Only ineffective counsel would argue simple possession throughout trial and at summation and then fail to request a lesser included offense of simple possession where the facts would allow such and to have the jury instructed on simple possession where it would have been reversible error for the court to give such and the jury needed that information to acquit their client of the charges related to this claim. Without the simple possession instruction the jury wasn't instructed why Powell wasn't guilty possession with intent to distribute. Not a tactical decision. The instant case is directly on point with this Court's decision in Luchenburg v. Smith, 79 F.3d 488 (4th Cir. 1996) where this Court found trial counsel was indeed ineffective for failing to request an ... instruction more accurately explaining to the jury [why] it could not convict. Here counsel's decision cannot be based on a sound trial strategy either. After arguing simple possession it was counsel's duty to request a simple possession instruction and the lesser included offense, of simple possession and in addition to have that jury inform that if it convicted the defendant of simple possession of marijuana he could not be found guilty of 924(c) in relation to that count or that it could find the petitioner not guilty of the possession with intent to sale and deliver count if they found the marijuana was possessed for the purpose of simple possession. It is clear from the Petitioner's prior pleadings that the court would have been required to give the instruction and lesser included offense so therefore counsel was ineffective for not requesting it after arguing such where it would have resulted in a lesser conviction on the possession count and acquittal on the 924(c) count. Again absent evidentiary hear where counsel testifies that it was trial strategy, not to request these instructions, as opposed to her just dropping the ball, the district court erred in concluding such, especially when this court has decided it isn't sound trial strategy regardless of counsel's assertions.

Considering such, the petitioner's claim is debatable and the court erred in its ruling absent an evidentiary hearing to find out why the petitioners counsel failed to request the lesser included offense of simple possession of marijuana and a simple possession instruction. The Petitioner's prior pleading in Ground 10 of his 2255 motion clearly details why he is entitled to relief and demonstrates his original motion and ground 10 of that motion raises a debatable constitutional question that warrants this court to grant COA.

**Issue 4.**   Counsel failed to properly contest the PSR's relevant conduct finding/failed to provide adequate representation at sentencing.

**Supporting Facts and Argument.**

The District court clearly erred in concluding that the petitioner waived challenge to his PSR's relevant conduct finding during allocution at his second sentencing hearing. The petitioner was clearly precluded from contesting the PSR's relevant conduct finding at his second sentencing by his counsels deficient representation and erroneous advisement, that Powell couldn't contest the PSR's relevant conduct finding again at his subsequent sentencing. The record clearly shows that the petitioner wished to contest his relevant conduct finding at his second sentencing hearing and requested his counsel do so, but counsel failed to present the petitioner's argument and told the petitioner that relevant conduct could not be argued because the remand was limited. According to the district court in its ruling on his 2255 motion, the petitioner could contest the relevant conduct finding. The petitioner asked his counsel to file a prepared sentencing memorandum containing conclusive extra record evidence that was proof that the PSR's relevant conduct finding was clearly erroneous and to present a more plausible relevant conduct finding but counsel failed to do so and because of such the petitioner was prejudiced in that he was subjected to a higher sentencing guideline range, than he otherwise would have been subjected to and he received a greater sentence, an extra (5) months as a result. See Exhibit WX of [D.E.-115] (Sentencing Memorandum drafted by Marvin Powell) Counsel admits the Petitioner's account in his June 30, 2009 letter to the petitioner. See Exhibit UV of D.E.-115. (Geoffrey W. Hosford's 06/30/2009 letter to petitioner). Considering such in conjunction with the Petitioner's ground eleven argument, it is clear that the district court erred in concluding that the petitioner waived challenge to the PSR's relevant conduct finding at his second sentencing when he presented evidence of the contrary in Exhibits ST,UV,WX, & YZ of D.E. 115.

As Powell alleges in his eleventh claim, his attorneys provided ineffective assistance of counsel by failing to properly contest his relevant conduct finding. [D.E.-84 at 199-221]. Powell specifically contends that his attorneys failed to properly object to the relevant conduct and present evidence to show that the quantity of cocaine and cocaine base used to calculate his sentence was both inaccurate and based on unreliable evidence. Id at 199. Because of this

deficient representation, Powell was prejudice by receiving a greater sentence and being sentenced under a greater guideline range and sentence than he otherwise would have, absent his counsel's deficiency.

This argument is conclusively proven in ground 11 of the Petitioner's 2255 motion. Contrary to the district court's assertion, neither of Petitioner's counsels during his sentencing met their burden at sentencing by simply filing a general objection to the Pre-Sentence Report. Counsel also had the express duty to present evidence to show the court that the PSR's finding was clearly erroneous as required by Fed. R. Crim. P. 32., and failure to do so is clearly deficient performance where evidence was available that would have forced the court to exclude almost all of the PSR's relevant conduct finding which would have resulted in a lower sentence for Powell since the court informed him that it'd definitely sentence him at the bottom of his advisory guideline range, That evidence being presenting the court with [Lynch's March 1, 2005 letter to ATF agent Rosa] which would have excluded six months of the PSR's timeline on it's on. Combining this evidence with a literal reading of the trial transcript, Powell's counsel could have conclusively shown and proved the PSR's drug amount was clearly erroneous instead of just generally objecting to it, absent conclusive proof readily available to counsel. Counsel also failed to offer a more plausible drug amount estimation based on the trial transcript and evidence readily available to him and to present that more plausible estimation as articulated by Powell in his 2255, to the sentencing court.

The district court ruled wrong, by erroneously deciding that the petitioner waived his challenge to the PSR's relevant conduct finding and erred in concluding that the petitioner's counsel had carried his burden as counsel by just giving a general objection without offering readily available evidence to support the objection and not presenting a more plausible relevant conduct finding as required by Fed. R. Crim. P. 32, so absent such it is at least debatable among jurors whether the Petitioner waived challenge to his drug quantity finding and whether a general objection is all counsel need make at sentencing. Absent the district courts wrong ruling it is clear the petitioner's original motion and ground eleven of such raises a debatable constitutional question that would require this court to issue COA.

**Issue 5.**   Counsel was ineffective for failing to remove a biased juror.

**Supporting Facts and Argument.**

The district court erred when it concluded that the petitioner was not prejudiced by having a biased juror impaneled on his jury and that the petitioner failed to show the court would have allowed that motion and the result of his trial would have been different. Both Supreme Court and Fourth Circuit precedent indicates that the presence of a biased juror cannot be harmless, so

no court would allow a biased juror to be impaneled on a jury if it was brought to the court's attention. The Sixth Amendment guarantees a criminal defendant the right to a fair trial by a panel of impartial jurors. Irvin v. Dowd and judges are sworn to uphold the United States Constitution and its amendments, so it is clear that the court would have allowed the motion and struck the biased juror had the petitioner's counsel brought it to the court's attention and the juror had been found to not be able to put aside her preconceived notion of the defendant's guilt. Had the court not removed a biased juror that could not put aside her biasness and be impartial then it would have been reversible error, so counsel was ineffective for not motioning to have the biased jury removed. In the instant case, the court wasn't able to inquire into if the juror could put aside her preconceived notion of the defendant's guilt because of the petitioner's counsels deficient representation. Therefore her bias is shown through the Affidavits of Marvin Powell and William Powell Jr. (Exhibits 7A & 7B of [D.E. 84]) Bias can be revealed by the juror's express admission of that fact, but more frequently, jurors are reluctant to admit actual bias and the reality of their biased attitudes must be revealed by circumstantial evidence (US v. Allsup), as Powell has offered and the government or district court has failed to refute by their own affidavit or evidentiary hearing. So it is highly debatable that a biased juror was impaneled on Powell's jury and therefore his conviction must be set aside. The petitioner has shown that he was prejudiced in that he did not have a fair trial with a biased juror on his jury and that absent the impaneling of a biased juror, the results of his trial would have been different in that he would have had a jury that consisted of all impartial jurors, which wasn't the case in his trial. Regardless the "presence of a biased juror cannot be harmless; error requires a new trial (even without) a showing of actual prejudice." U.S. v. Gonzalez. Again the presence of a biased juror is like the presence of a biased judge, and is a structural defect in the constitution of the trial mechanism" that defies

harmless error analysis. Johnson, quoting Arizona v. Fuliminante. Even though a district court may rely on a jurors assurances of impartiality in deciding whether a defendant has satisfied the burden of proving actual prejudice. See Pennell. Because of counsel's error, the biased juror offered no assurances on which to rely and the court's failure to hold an evidentiary hearing precluded such. So actual bias is "bias in fact" --the existence of a state of mind that leads to the inference that the person will not act with entire impartiality. US v. Torres citing US v. Woods. The juror's comment in this case would lead a rational mind to conclude that she was biased against the defendant and did not act with entire impartiality at Powell's trial so therefore the Petitioner was prejudice. As argued in his prior pleadings it is clear that the Petitioner's counsel's failure to have a biased juror removed was ineffective assistance.

 Therefore the district court ruling against the Petitioner was wrong, especially where an evidentiary hearing was not held to inquire into the Petitioner's claim which are highly debatable. Considering such it is conclusive that his original motion and its Ground 7 raises a debatable constitution question already settled by Supreme Court and Fourth Circuit case law.

**Issue 6.** The District Court erred in ruling that the Petitioner had Procedurally Defaulted his Twelfth, Thirteenth, Fourteenth, and Fifteenth Claims.

**Supporting Facts and Argument.**

As asserted by the district court, when a defendant procedurally defaults a claim by failing to raise it on direct appeal, the claim is cognizable in habeas "only of the defendant can first demonstrate either 'cause' and actual 'prejudice,' of that he is actually innocent.'" However in the instant case, the district court erred in basing the Petitioner's decision on the "cause and prejudice" standard, because Grounds 12, 13, 14 & 15 only applies to claims that could have been raised on direct appeal but does not apply to claims that require development of facts outside the trial record. See Bousley, 523 U.S. at 621, 118 S.Ct at 1610 (recognizing an "exception to the procedural default rule for claims that could not be presented without further factual development") For example, in Waley v. Johnston, 316 U.S. 101, 104, 62 S. Ct, 964, 966, 86 L.Ed. 1302, the Supreme Court held that procedural default did not bar a federal prisoner's claim that his guilty plea had been coerced by government threats, because those facts were "dehors the record and their effect on the judgment was not open to consideration and review on appeal." In the instant case, the Petitioner's grounds 12, 13, 14, and 15 of his 2255 motion contain extra record evidence and exhibits to support his claims and require evidentiary hearings AND further factual development in the adjudication of his claims, so that these claims could not be brought by the Petitioner on his direct appeal. Considering such, the district court has clearly erred by procedurally defaulting the petitioner's claims and has use the wrong standard to adjudicate the above claims.

For these reasons, the petitioner has shown that the district court made a dispositive procedural ruling that was wrong and is certainly debatable, and it is clear based upon the petitioner's prior pleadings that the original motion raises debatable questions with respects to grounds 12, 13, 14, & 15 of the Petitioner's 2255 motion and that he has shown actual prejudice for each of these grounds. Therefore this court should grant the Petitioner COA concerning Grounds 12, 13, 14, & 15 of his 2255 motion.

**Issue 7.**   The Petitioner was entitled to summary judgment on Ground 2 of his 2255 motion.

**Supporting Facts and Argument.**

The district court made a procedural error in not granting the Petitioner summary judgment concerning Ground 2 of his 2255 motion. On August 06, 2012 the Petitioner filed motion for summary judgment concerning Ground 2 of his 2255 motion and a copy of the aforementioned was provided to the respondent pursuant to Rule 5 Fed. R. Civ. P. The respondent failed to

respond to the Petitioner's motion for summary judgment as required by Federal Rule of Civil Procedure 56 which states "If the opposing party does not so respond, summary judgment should, if appropriate, be entered against the party. In the instant case the Respondent failed to respond to the motion for summary judgment within the time allotted under Rule 7.1(e)(1) EDNC and Federal Rule 12 of Civil Procedure. The respondent attempted to submit a declaration of the Petitioner's counsel to refute portions of this claim but it was submitted untimely, approximately sixteen months after the petitioner filed and served the respondent a copy of his motion for summary judgment concerning ground 2 of his 2255 motion. The government also failed to timely respond to the district court's [D.E. 98] order in the time set by the court, by filing a day after the deadline. So, therefore as the Petitioner object to it, the government's pleading should not have been allowed. When the government untimely attempted this response, they failed to properly serve the Petitioner with a copy of the pleadings as required by Rule 5 Fed. R. Civ. P. The government's untimely response according to local and federal rules of civil procedure, should have been construed as the government waiving its right to challenge the Petitioner's motion for summary judgment concerning ground 2 of his 2255 motion and the court should have granted the motion on the petitioner's ground 2 on its merit. Doing such the Petitioner's evidentiary hearing should have been limited to whether he would have accepted the plea and how such a plea would compare to his current judgment.

For these reasons and reasons stated it the Petitioner's prior pleadings, the district court's ruling denying summary judgment in favor of the Petitioner concerning his ground 2 was wrong and its merits are debatable, and his original motion's ground 2 clearly raises a debatable constitutional question.

**Issue 8.** The Petitioner's counsel was ineffective for failing to file a motion to suppress.

**Supporting Facts and Argument.**

The district court erred in ruling that the Petitioner's counsel was not ineffective for failing to file a motion to suppress. The court errs in concluding would have been saved by the good faith exception to the exclusionary rule that was set forth in United States v. Leon. In the Instant case the officer's reliance on the warrant was not "objectively reasonable" (See United States v. Perez) and the good faith exception doesn't apply in this case because the judge issuing the warrant was misled by information contained in the search warrant application that the officer seeking the warrant knew was false, but for his reckless disregard for the truth and the information not being supported by oath and affirmation was "so lacking in indicia of probable cause as to render official belief in existence entirely unreasonable. The Petitioner in his 2255 Motion's Ground 4, conclusively showed that the search warrant lacked probable cause and wasn't supported by oath or affirmation as required. The officer requesting the warrant testified under oath that there was

no probable cause, by admitting that in his surveillance of the residence, he saw no drug activity and that he had no idea what if anything he would find once he executed the search warrant. Under oath the officer basically admitted to going on a fishing expedition and there was no probable cause for it. See Exhibit 4B of [D.E. 84]. Considering the above argument and facts a motion to suppress in the instant case should have been successful and it is definitely debatable if it would have been. Should suppression be granted the petitioner would have been acquitted of all charges as a result. The petitioner's original motion's ground 4 contains and proves this debatable constitutional claim.

**Issue 9.** The Petitioner's counsel was ineffective for failing to object to the government's introduction of the rap portion of government's exhibit 71

**Supporting Facts and Argument.**

The district court erred in concluding that the Petitioner's counsel was not ineffective for failing to object to the introduction of the rap portion of Government's Exhibit 71, where the rap portion was shown by affidavit not to be authored by the Petitioner and therefore immaterial to the petitioner's case. Not only was it immaterial to the petitioner's case since it was not authored by him, but it's prejudice to the petitioner outweighed it's probative value and would have been barred admission by Federal Rules of Evidence 403 even if it was found to be relevant to the Petitioner's case since it's "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or ..., or a waste of time, or needless presentation of cumulative evidence," all of which applying to the rap portion of Exhibit 71 in the Petitioner's case. The rap portion of Exhibit 71 also would have been excluded pursuant to Red. R. Evid. 404(b). No reasonable counsel would allow such a prejudicial and inflammatory piece of evidence that was immaterial to the defendant's case because it wasn't authored by him, to be admitted into a defendant's trial where it could have been excluded entirely pursuant to Fed. R. Evid. 403 and 404(b). Therefore it would not be a reasonable strategic decision not object to the prejudicial rap and have it totally excluded from the Petitioner's trial. An attorney's [allowance of] the admission of evidence that significantly damages [her] client, without using that evidence in any manner to further [her] client's interest, [where that evidence should have been barred admission under Fed. R. Evid 403 and 404(b),] cannot be considered "sound trial strategy" and certainly does not comport with "prevailing professional norms." Strickland, 466 U.S. at 689, 688. Thus counsel was constitutionally deficient with respect to allowing the admission of the rap portion of government's exhibit 71. See id. at 688-90. The district court's opposite conclusion is an unreasonable application of Supreme Court's holding in Strickland. The district court even categorizes the rap portion of Exhibit 71 as prejudicial, so for it to rule that the Petitioner's counsel was not ineffective for not objecting to its introduction is error where the district court did not use the Fed. R. Evid 403 and/or 404(b) test in its reasoning since it is clear counsel's duty is not to have her client prejudiced by material not relevant to his case, that

the government later used as a confession in violation of his Fifth Amendment rights, to inflame the jury and to mislead the jury in the burden of proof as is conclusively detailed in the Petitioner's Ground 8 of his 2255 motion that raised this debatable constitutional question.

**Issue 10.**   The petitioner's counsel was ineffective for failing to object to prosecutorial misconduct

**Supporting Facts and Argument.**

   The district court erred in concluding that the Petitioner's counsel was not ineffective for failing to object to prosecutorial misconduct, where the AUSA used an immaterial and district court categorized as prejudicial rap portion of government's exhibit 71, to inject her own opinions, inflame the jury against the defendant, compel the defendant to testify against himself in violation of his 5th amendment rights, mislead the jury as to the burden of proof to find the petitioner guilty as thoroughly detailed in the petitioner's Ground 9 of his 2255 motion. In the petitioner's motion he conclusively showed reversible prosecutorial misconduct by showing the prosecutors comments were improper and that such remarks or conduct prejudicially affected his substantial right to a fair trial. Had the district court realistically assessed prejudice it would have concluded that, (1) the AUSA's repeated prejudicially and improper exploitation of government's exhibit 71 had a tendency to mislead the jury through her change of the burden of proof and using the exhibit as a confession of the defendant in violation of his Fifth Amendment rights ( Prosecutor argued " There is nothing more powerful than the words of a man. You can remove Bernard Lynch from this case and you can remove anything else because Marvin Powell has just spoken louder than anything else telling you what he's about."; (2)the remarks were extensive from direct examination to closing ;(3) Absent the remarks the strength of the government's case is weak, basically a he said, he said case with a single cooperating alleged co-conspirator as the lynchpin of the case with no corroborating evidence or other witness to corroborate his recanted and continually evolving assertions; (4) these comments were deliberately placed before the jury to divert their attention to extraneous matters. This is evident when the AUSA ask the jury during her closing "Aren't you sickened? Aren't you sickened?; (5) the comments were not invited by improper conduct of defense counsel; and (6) that no curative instructions were given to the jury because the defense counsel failed to object to the AUSA outrageous conduct. Though the court advised the jury closing argument's was not evidence, he also told them to listen to their arguments because they might point out some inferences they might have overlooked. Also considering that the district court categorized prejudicial rap portion of exhibit 71 was not written by the Petitioner as detailed by affidavit, counsel should not have allowed the AUSA's prejudicial rant to go unobjected to since the prejudicial nature of Exhibit 71 clearly would inflame the jury against the defendant as the AUSA knew when she asked the jury,

"Aren't you sickened? Aren't you sickened?" Considering the full argument of ground 9 of the Petitioner's 2255 motion. it is clear that the district court's ruling is at the least debatable and was most likely wrong. Considering the argument in the petitioner's ground 9 of his original 2255 motion it is clear he has raised a debatable constitutional question.

## 5. Relief Requested

**Identify the precise action you want the Court of Appeals to take:**

-**Issue 1.** Grant COA; reverse or vacate the district court's ruling; rule the Petitioner suffered actual prejudice; find his counsel was ineffective for failing to file motion to dismiss for prejudicial pre-indictment; vacate the Petitioner's conviction and sentence; dismiss the Petitioner's indictments with prejudice; order the Petitioner's immediate release; grant the Petitioner a certificate of innocence; and or vacate/reverse the district court's ruling and rule that the district court erred by limiting its prejudice analysis to the impeachment value of the lost evidence instead of also considering how the lost evidence impaired the Petitioner's ability to defend, so the issue must be remanded to be re-decided.

**Issue 2.** Grant COA; reverse or vacate the district court's ruling; rule the Petitioner suffered actual prejudice: find that his counsel was ineffective for failing to properly investigate the record of sole witness to the conduct alleged and therefore caused an auto entry conviction to be suppressed by the court and thereby impaired the defendant's defense to the point that it likely effected the disposition of his criminal proceeding, through her ineffective assistance; vacate the Petitioner's conviction and sentence; order the Petitioner's immediate release: grant the petitioner Certificate of Innocence; and or vacate or reverse the district court's ruling and rule that the district court erred in limiting its prejudice analysis solely to the impeachment value of the lost evidence instead of also considering how the lost evidence impaired the Petitioner's ability to defend, so the issue must be remanded be re-decided

**Issue 3.** Grant COA; reverse or vacate the district courts ruling; find that a counsel arguing simple possession and failing to request the lesser included offense and simple possession instruction is ineffective assistance of counsel; rule the Petitioner was prejudiced as a result; vacate the Petitioner's conviction and sentence; order he be resentenced on counts 1, 2, and 5: grant the Petitioner a new trial on Counts 3 and 4: Instruct the court to give a simple possession instruction with regard to count 3 and to include the lesser included offense of simple possession of marijuana on the verdict sheet; and or vacate the district court's ruling on this issue and order an evidentiary hearing to determine if the Petitioner's counsel's failure to request a lesser included offense and simple possession instruction was trial strategy or a mental lapse.

**Issue 4.** Grant COA; reverse or vacate the district courts ruling; find that the district court erred in finding that the Petitioner waived challenge to his drug amount during allocution at his second sentencing; find that the district court erred in finding that the Petitioner's counsels at sentencing carried their burden at sentencing by presenting a general objection without also presenting readily available evidence that would show that the PSR's relevant conduct finding was clearly erroneous and failing to present a more plausible estimate of drug amount as required by Fed R. Crim. P. 32; vacate the district courts ruling and remand for an evidentiary hearing on the claim contained in this issue so the Petitioner can put forth the argument and evidence to support it that his previous counsel failed to do; Order the court to adopt the Petitioner's plausible relevant conduct estimate that he has articulated in his 2255 motion's ground eleven and to resentence him using his newly calculated guideline range absent the clearly erroneous PSR's finding; also order his PSR be amended to reflect the more plausible drug quantity determined at the ordered evidentiary hearing or by the Petitioner's pleadings.

**Issue 5.** Grant COA; reverse or vacate the district court's ruling; find that the petitioner was prejudiced by having a biased juror with a preconceived notion of his guilt impaneled on his jury; rule that counsel was ineffective for failing to motion for the biased juror removed and for failing to apprise the court of the juror's bias so the judge could either remove the juror or inquire whether the juror could put aside her preconceived notion of the defendant's guilt and her biasness toward the defendant; rule that it never effective trial strategy for counsel to allow a juror who is biased against their client to be impaneled; vacate the petitioner's conviction and sentence; order a new trial on all counts with an impartial jury ; order the defendant bail on pretrial release;  or remand and order an evidentiary hearing into this issue, Ground 7 of the Petitioner's 2255 Motion, to among other issues inquire if counsel's failure to remove the bias juror was trial strategy or just her dropping the ball.

**Issue 6.** Grant COA; reverse or vacate the district court's ruling; rule the petitioner is not procedurally defaulted from presenting grounds 12, 13, 14, and 15 on habeas review since they are all claims that rely on evidence outside the record and facts that must be developed to be properly adjudicated so therefore the district court erred in not deciding them; remand the district court's ruling and order them to decide grounds 12, 13, 14, & 15 of the Petitioner's 2255 motion.

**Issue 7.** Grant COA; reverse or vacate the district court's ruling; rule the government waived opposition to summary judgment by failing to timely respond to the Petitioner's motion for summary judgment; order summary judgment be granted; remand the case for a limited

evidentiary hearing to see if the Petitioner will accept the government's plea offer and how the plea offer compares to his current judgment; specific performance of the most lenient of the government's offered plea; immediate release of the Petitioner.


**Issue 8.** Grant COA; reverse or vacate the district court's ruling; rule that the district court erred in concluding that the search in the instant case is saved by the good faith exception; rule the petitioner's counsel was ineffective for failing to file a motion to suppress; suppress all evidence of the search; vacate the Petitioner's conviction and sentence; order a new trial without the fruits of the search as evidence; grant the petitioner bail; or order a suppression hearing so the Petitioner's issue in Ground 4 of his 2255 motion can be decided.


**Issue 9.** Grant COA; reverse or vacate the district courts ruling; rule that the petitioner's counsel was clearly ineffective for not objecting to the introduction of the rap portion where it was immaterial since it was not authored by the defendant and it's prejudicial nature therefore outweighed it's probative value and should have been excluded under Fed. R. Evid. 403 and/or 404(b) from the petitioner's trial; vacate the petitioner's sentence and conviction; grant the petitioner a new trial with the prejudicial rap portion of exhibit 71 excluded; and/or remand the Petitioner's case to have this issue re-decided using the Fed. R. Evid. 403 and/or 404(b) test.


**Issue 10.** Grant COA; reverse or vacate the district court's ruling; rule the Petitioner's counsel was clearly ineffective for failing to object to the prosecutorial misconduct of the AUSA in the present case, the AUSA using the immaterial and highly prejudicial rap portion of exhibit 71 to inflame the jury against the defendant, compel the defendant to testify against him in violation of his Fifth Amendment rights, mislead the jury and to change the burden of proof, during her direct exams and during closing; vacate the Petitioner's sentence and conviction; Order a new trial on all counts for the petitioner with the district court categorized as prejudicial rap portion of government's exhibit 71 excluded.

**6. Prior Appeals (for appellants/petitioners only)**

A. Have you filed other cases in this Court? Yes[X] No [ ]

B. If you checked YES, what are the case names and Docket numbers for those appeals and what was the ultimate disposition of each?

-U.S. v. Marvin Wilbert Powell, No. 06-4142 AFFIRMED but vacate by the United States Supreme Court

-U.S. v. Marvin Wilbert Powell, No. 08-4607 AFFIRMED

*M Powell*

Signature

[Notarization Not Required]

Marvin Wilbert Powell 24938-056

[Please Print Your Name Here]

FCI ASHLAND

FEDERAL CORRECTIONAL INSTITUTION

P.O. BOX 6001

Ashland, KY 41105-6001

## **CERTIFICATE OF SERVICE**

I certify that on 3-4-15 I served a copy of this Informal Briefing on all the parties, addressed as shown below:

Seth Morgan Wood
OFFICE OF THE UNITED STATES ATTORNEY
Federal Building
310 New Bern Avenue
Suite 800
Raleigh, NC 27601-1461

Jennifer May-Parker
OFFICE OF THE UNITED STATES ATTORNEY
Federal Building
310 New Bern Avenue
Suite 800
Raleigh, NC 27601-1461

Richard Clarke Speaks
P.O. Box 2823
Wilmington, NC 28401

*M. Powell*
Signature

Marvin Powell 24948-056
F.C.I Ashland
Federal Correctional Institution
P.O. Box 6001
Ashland, KY 41105-6001



ourt of Appeals, Fourth Circuit
Annex, 5th Floor
n Street
23219

N

Federal Correctional Institution
FCI Ashland
P.O. Box 6001
Ashland, KY 41105

Clerk
United States C
U.S. Courthouse
1100 East Ma
Richmond, Va