RECORD NO. 15-6232

In The

# United States Court of Appeals

## For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

**v.**

## MARVIN WILBERT POWELL,

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
AT RALEIGH**

———————————

**BRIEF OF APPELLANT**

———————————

R. Clarke Speaks
SPEAKS LAW FIRM
2808 Market Street
Post Office Box 2823
Wilmington, North Carolina  28402
(910) 341-7570

*Counsel for Appellant*

**THE LEX GROUP** ♦ 1108 East Main Street ♦ Suite 1400 ♦ Richmond, VA  23219
(804) 644-4419 ♦ (800) 856-4419 ♦ Fax: (804) 644-3660 ♦ www.thelexgroup.com

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ............................................................... ii

STATEMENT OF SUBJECT MATTER AND
APPELLATE JURISDICTION .......................................................... 1

STATEMENT OF ISSUE ................................................................. 2

STATEMENT OF THE CASE .......................................................... 3

       Statement of the Facts .......................................................... 5

SUMMARY OF ARGUMENT I....................................................... 9

ARGUMENT I................................................................................ 11

    I.    THE DISTRICT COURT ERRED BY DENYING MR.
       POWELL'S MOTION FOR RELIEF UNDER 28 U.S.C.
       § 2255, REGARDING HIS CLAIM THAT TRIAL
       COUNSEL WAS INEFFECTIVE FOR FAILING TO
       RAISE AN OBJECTION BASED ON JUROR BIAS............ 11

       Standard of Review ................................................................. 11

       Law................................................................................ 11

       Analysis ................................................................................ 13

CONCLUSION ................................................................................ 19

REQUEST FOR ORAL ARGUMENT ........................................... 20

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# <u>TABLE OF AUTHORITIES</u>

<u>**Page(s)**</u>

## <u>CASES</u>

*Fitzgerald v. Greene*,
    150 F.3d 357 (4th Cir. 1998) .............................................................. 13

*In re Oliver*,
    333 U.S. 257 (1948) ........................................................................... 13

*Irvin v. Dowd*,
    366 U.S. 717 (1961) ..................................................................... 12, 13

*Lockhart v. Fretwell*,
    506 U.S. 364 (1993) ........................................................................... 12

*Lockhart v. McCree*,
    476 U.S. 162 (1986) ........................................................................... 13

*Reynolds v. United States*,
    98 U.S. 145 (1878) ............................................................................. 12

*Sexton v. French*,
    163 F.3d 874 (4th Cir. 1998) .............................................................. 12

*Smith v. Angelone*,
    111 F.3d 1126 (4th Cir. 1997) ............................................................ 11

*Smith v. Phillips*,
    455 U.S. 209 (1982) ........................................................................... 13

*Strickland v. Washington*,
    466 U.S. 668 (1984) ............................................................... 11, 12, 18

*United States v. Nicholson*,
    475 F.3d 241 (4th Cir. 2007) .............................................................. 11

*United States v. Roane*,
   378 F.3d 382 (4th Cir. 2004) ............................................................. 11

*United States v. Wood*,
   299 U.S. 123 (1936) ...................................................................... 13

*Wells v. Murray*,
   831 F.2d 468 (4th Cir. 1987) ............................................................. 13

## CONSTITUTIONAL PROVISION

U.S. CONST. amend. VI ......................................................................... *passim*

## STATUTES

28 U.S.C. § 1291 .............................................................................. 1

28 U.S.C. § 2241 .............................................................................. 1

28 U.S.C. § 2255 ......................................................................... *passim*

## STATEMENT OF SUBJECT MATTER AND
## APPELLATE JURISDICTION

This is a direct appeal by the Petitioner/Appellant Marvin Wilbert Powell ("Mr. Powell") from an order filed in the United States District Court for the Eastern District of North Carolina on December 16, 2014, dismissing his motion for relief under Title 28 United States Code § 2255. Joint Appendix ("J.A.") 1604-1642. The District Court declined to issue a certificate of appealability. J.A. 1642. Mr. Powell timely filed his Notice of Appeal on February 16, 2015. J.A. 1644. The District Court had jurisdiction over the action pursuant to Title 28 U.S.C. §§ 2241, and 2255. Appellate jurisdiction is based on Title 28, United States Code, Section 1291.

## <u>STATEMENT OF ISSUE</u>

I.   Whether the district court erred by denying Mr. Powell's motion for

relief under 28 U.S.C. § 2255, regarding his claim that trial counsel

was ineffective for failing to raise an objection based on juror bias.

## STATEMENT OF THE CASE

On February 23, 2005, a five-count Superseding Indictment was filed by the United States, in which Mr. Powell was named in all five counts. J.A. 23-26. On June 13, 2005, Mr. Powell formally entered pleas of "Not Guilty" as to all counts of the Superseding Indictment. See J.A. 6. A jury trial spanning three days commenced on June 17, 2005. J.A. 7. At the conclusion of the jury trial, on June 21, 2005, a twelve member jury returned a verdict of "Guilty" as to Marvin Powell on each count of the Superseding Indictment. J.A. 7, 27-28. Following an appeal of his initial Judgment and sentence entered on January 18, 2006, Mr. Powell's case was subsequently remanded by this Honorable Court. See J.A. 11-12. Upon resentencing, Mr. Powell ultimately received a total active sentence of three-hundred (300) months, followed by five (5) years of supervised release. See J.A. 14, 47-48. The Amended Judgment of the District Court was entered on May 28, 2008. J.A. 14, 45-52.

On October 14, 2010, Mr. Powell filed his initial *pro se* Motion to Vacate, Set Aside, or Correct Sentence under Title 28 U.S.C. § 2255, along with a Memorandum in Support and various exhibits. J.A. 15, 53-884. Within his *pro se* § 2255 motion, Mr. Powell raised sixteen (16) distinct issues. J.A. 53-884. In response, counsel for the Government filed a Motion

3

to Dismiss and Incorporated Memorandum of Law on November 24, 2010. J.A. 15, 885-917. Mr. Powell subsequently filed a *pro se* Response on December 6, 2010. J.A. 15, 918-930. On December 16, 2013, the District Court entered an Order in which it directed the Government to adequately address each of the issues raised by Mr. Powell's Motion to Vacate under 28 U.S.C. § 2255. J.A. 16, 931. As a result of the District Court's Order, On January 30, 2014, the Government filed a Response and Memorandum in Opposition, which included a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. J.A. 17, 932-1046. On February 14, 2014, Mr. Powell filed a *pro so* Response to the Government's January 30, 2014 filing. J.A. 18, 1047-1603.

On February 6, 2014, the District Court entered an Order allowing Mr. Powell's prior Motion for an Evidentiary Hearing and to Appoint Counsel. J.A. 18. On March 6, 2014, Mr. Powell was formally appointed counsel to represent him in an evidentiary hearing on his claim for ineffective assistance of counsel contained in Ground Two of Mr. Powell's § 2255 Motion. J.A. 18, see also J.A. 96-108. The District Court conducted an Evidentiary Hearing as to Ground Two of Mr. Powell's § 2255 Motion on September 16, 2014. J.A. 19. At the conclusion of the hearing, the District Court allowed the parties an opportunity to file any additional briefs

4

regarding the matters discussed at the September 16, 2014 hearing. J.A. 19. Following the filing of supplemental briefs by both parties, the District Court issued a final Order and Judgment on Mr. Powell's § 2255 Motion. J.A. 21, 1604-1643. In its December 16, 2014 order, the District Court granted in part and denied in part the Government's Motion to Dismiss; granted Mr. Powell's Motion to Supplement; and denied Mr. Powell's prior Motions for Summary Judgment and Default Judgment. J.A. 1642. Additionally, the District Court denied Mr. Powell a Certificate of Appealability. *Id*.

Following entry of the District Court's Order and Judgment, Mr. Powell filed a timely notice of appeal on February 16, 2015. J.A. 21, 1644. Mr. Powell filed a *pro se* Informal Opening Brief on March 9, 2015. (See Fourth Circuit Appellate Docket 15-6232, D.E. 5). On July 31, 2015, this Honorable Court issued an Order granting a Certificate of Appealability on the issue of whether Mr. Powell's trial counsel was ineffective for failing to raise an objection based on juror bias. (See Fourth Circuit Appellate Docket, 15-6232, D.E. 10).

**<u>Statement of the Facts</u>**

Mr. Powell's trial commenced on June 17, 2005. See J.A. 7. On June 15, 2005, prior to Mr. Powell's trial beginning, the District Court conducted

Voir Dire and Jury Selection. *Id*. The jury for Mr. Powell's trial was subsequently impaneled on June 17, 2005. *Id*. No issues regarding the potential for juror bias were raised by counsel for either party, and in turn nothing on the matter of juror bias was addressed by the District Court on or after June 17, 2005. See generally J.A. 7-8.

Mr. Powell initially filed his *pro se* Motion to Vacate under § 2255 and Supporting Memorandum on October 14, 2010. J.A. 15, 53. Included within the sixteen (16) grounds for relief asserted by Mr. Powell were eleven (11) claims of violations of the Sixth Amendment in that his trial counsel provided ineffective assistance. J.A. 53-381. Ground Seven of Mr. Powell's § 2255 Motion alleged that his trial counsel provided ineffective assistance by failing to attempt to remove a biased juror. J.A. 165-170.

In support of this specific claim, Mr. Powell presented two affidavits as Exhibits to his § 2255 Motion. J.A. 826-831. Both the affidavit of Mr. Powell and that of his father, William Powell, Jr. recounted an interaction that occurred between Mr. William Powell, Jr. and a woman later determined to be juror member Lucy Dadourian Sherman ("Juror Sherman") on June 17, 2005. J.A. 827-831. As detailed in the affidavits, Mr. Powell, Jr. was engaged in an unsolicited interaction with Juror Sherman upon entering the federal courthouse in Wilmington on the first day of Mr.

6

Powell's trial. *Id*. During this brief interaction, Mr. Powell's father was told by Juror Sherman that he (William Powell, Jr.) needed to give Mr. Powell a "good kick in the butt." See J.A. 830. Mr. Powell, who accompanied his father into the courthouse on June 17, 2005, was within earshot of this conversation, heard Juror Sherman's comment and subsequently inquired his father about the specific content of the brief conversation. J.A. 827. Shortly after the jury members were brought into the courtroom, Mr. Powell realized that the woman that had made the comment to his father was in fact one of the twelve (non-alternate) members of his jury. *Id*. In response to this realization, Mr. Powell informed his trial counsel about the interaction with the jury member, and had his father recount the events for counsel as well. *Id*. Although trial counsel acknowledged the comment and identified that the juror in question was in fact Juror Sherman, no further action was taken by trial counsel regarding this matter.[1] *Id*. As a result, nothing regarding Juror Sherman's comments were brought to the Court's attention, and no

---

[1] The undersigned maintains that a review of the entire three day trial transcript confirms that no action was taken by trial counsel after Mr. Powell informed her of the interaction between his father and Juror Sherman. The undersigned has elected not to include the entirety of the trial transcript in the Joint Appendix for the sole purpose of showing a lack of response or action by trial counsel. Moreover, the record documents which are included in the Joint Appendix verify the lack of action by trial counsel as neither the Government, nor the Court contests or denies this assertion by Mr. Powell. See J.A. 951-952; see also 1619-1620.

remedial actions, evidentiary hearing or other efforts to address this matter were undertaken by the District Court prior to, during or after Mr. Powell's trial.  See generally J.A. 7-8.

## SUMMARY OF ARGUMENT I

Mr. Powell argues that his trial counsel rendered ineffective assistance by failing to object or otherwise move the District Court for the removal of biased Juror Sherman. Following jury selection and immediately prior to the commencement of his trial, Mr. Powell's father was confronted by Juror Sherman, who upon confirming the identity of Mr. Powell and his father, informed Mr. Powell's father that he needed to give Mr. Powell "a good kick in the butt." Upon learning the identity of Juror Sherman, Mr. Powell and his father brought this information to the attention of Mr. Powell's trial counsel. Despite the obvious potential for Juror Sherman possessing, at the very least, a preconceived notion of guilt as to Mr. Powell, trial counsel neglected to make any sort of motion, objection, or even inform the District Court of this matter.

Juror Sherman's comments to Mr. Powell's father indicated a clear and unmistakable bias against Mr. Powell before the first piece of evidence was even presented at trial. Trial counsel's failure to make a motion or even address the comments of Juror Sherman with the District Court fell below an objective standard or reasonableness. As a result of trial counsel's deficient performance, Mr. Powell suffered prejudice in that Juror Sherman's

9

continued presence on the jury violated his Sixth Amendment right to a fair trial by a panel of impartial jurors.

## ARGUMENT I

I. THE DISTRICT COURT ERRED BY DENYING MR. POWELL'S MOTION FOR RELIEF UNDER 28 U.S.C. § 2255, REGARDING HIS CLAIM THAT TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE AN OBJECTION BASED ON JUROR BIAS.

### Standard of Review

When considering an appeal relating to the denial of a motion for relief under 28 U.S.C. § 2255, appellate courts generally review a district court's legal conclusions *de novo*. *United States v. Nicholson*, 475 F.3d 241 (4th Cir. 2007) (citing *United States v. Roane*, 378 F.3d 382 (4th Cir. 2004)). Any mixed questions of law and fact addressed by the district court on whether the petitioner has established a valid Sixth Amendment ineffective assistance claim are reviewed *de novo*. *Id.* (citing *Smith v. Angelone*, 111 F.3d 1126 (4th Cir. 1997)). "Whether counsel's performance was constitutionally adequate is a mixed question of law and fact." *Smith v. Angelone* at 1131.

### Law

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) that his counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance was prejudicial to the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). Under the first prong of the *Strickland* standard,

a petitioner must demonstrate that counsel's performance "fell below an objective standard of reasonableness" under "prevailing professional norms." *Id*. at 688. In evaluating counsel's performance, the Court must not engage in hindsight; but rather decide the reasonableness of counsel's performance within the context of the circumstances at the time of the alleged errors. *Id*. at 690.

The second prong of the *Strickland* standard is demonstrated by petitioner showing that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The Court can only grant relief under the second prong of *Strickland* if the "result of the proceeding was fundamentally unfair or unreliable." See *Sexton v. French*, 163 F.3d 874, 882 (4th Cir. 1998) (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369-70 (1993)).

As to the question of juror bias, the Sixth Amendment in essence, "guarantees to the criminally accused a fair trial by a panel of impartial, 'indifferent' jurors." *Irvin v. Dowd*, 366 U.S. 717, 722 (1961). The theory of the law is that a juror who has formed an opinion cannot be impartial. *Id*. at 722 (quoting *Reynolds v. United States*, 98 U.S. 145, 155 (1878) internal

12

quotations omitted).  The failure to accord an accused a fair hearing violates even the minimal standards of due process.  *Id.* at 722 (citing *In re Oliver*, 333 U.S. 257 (1948)).  Accordingly, the Sixth Amendment further prohibits any biased jurors from serving on a criminal jury.  See *United States v. Wood*, 299 U.S. 123, 133 (1936).  This Honorable Court has held that a juror is presumed impartial absent contrary evidence.  *Wells v. Murray*, 831 F.2d 468, 472 (4th Cir. 1987); see *Lockhart v. McCree*, 476 U.S. 162, 184 (1986).  Moreover, the "existence of a juror's preconceived notion as to the guilt of the accused will not by itself destroy the presumption of impartiality." *Wells*, 831 F.2d at 472.  However, the Supreme Court has also held that due process requires "a jury capable and willing to decide the case solely on the evidence before it."  *Fitzgerald v. Greene*, 150 F.3d 357, 362 (4th Cir. 1998) (quoting *Smith v. Phillips*, 455 U.S. 209, 217 (1982)).

**<u>Analysis</u>**

Trial counsel's failure to object, make a motion for removal or otherwise address the issue of Juror Sherman's biased comments fell below an objective standard or reasonableness.  As a result, Mr. Powell did, in fact, suffer prejudice.  However, analysis of this issue requires a more in depth consideration than simply concluding the potential for bias by Juror Sherman, and then, based upon that conclusion, considering whether Mr.

Powell can show that he was prejudiced as a result. Rather, the correct analysis to be applied on this issue, initially, requires close scrutiny of the inaction of trial counsel upon being informed of Juror Sherman's comments, and the impact of that inaction on the fairness and reliability of the subsequent jury verdict.

A review of the record reveals that trial counsel for Mr. Powell made no efforts to address the concerns Mr. Powell raised regarding the comments of Juror Sherman. Without question it can be argued, based on assumption, that trial counsel simply made a strategic decision to not address the matter with the Court. However, to reach such a conclusion, this Court must engage in complete speculation, as there is nothing in the record which suggests that counsel made this decision strategically. To the contrary, it would be just as likely to reach a conclusion that, that due to the timing of the information[2] becoming known, trial counsel simply neglected to properly consider it, or failed to give the information her due attention because she was focused on the commencement of trial. Even if the Court were to conclude that trial counsel made a strategic decision to not address Juror Sherman's biased comments, it must further determine whether such a

---

[2] As indicated in the affidavits of Mr. Powell and his father, their discussion with trial counsel regarding Juror Sherman occurred immediately before the Judge opened Court to commence the first day of trial. J.A. 827-831.

14

decision was reasonable in light of the circumstances at the time.  Here, Mr. Powell argues that the failure to object, or at least bring this matter to the District Court's attention cannot be found to be discretionary or strategic, as it allowed a biased juror to be impaneled, effectively denying him of his Sixth Amendment right to a trial by an impartial jury.  Moreover, a failure to address the matter with the District Court foreclosed upon any opportunity for the Court to assess the presence of bias against Mr. Powell, and properly inquire upon Juror Sherman as to her ability to determine guilt or innocence solely on the evidence presented at trial.

Even assuming, arguendo, that Juror Sherman's comments to Mr. Powell's father on June 17, 2005, on their own were not enough to destroy the presumption of impartiality, trial counsel could not have reasonably reached this conclusion without further inquiry or investigation into the matter.  The possibility and likelihood of prejudice to Mr. Powell, under the circumstances, dramatically outweighed any theoretical strategic gain that could come from electing not to object or otherwise raise the issue of juror bias with the District Court.  A decision by counsel that inherently carries such an immeasurable amount of potential harm, while offering virtually no benefit to the defendant, can scarcely be characterized as strategic or reasonable.  As such, under the circumstances at the time, where Mr.

Powell's trial counsel failed to object to the bias of Juror Sherman, such inaction fell below an objective standard of reasonableness in light of the prevailing professional norms, which would have required that some form of additional investigation or action be conducted.

It is worth noting that any discussion as to the reasonableness of trial counsel's decision (or the likely failure thereof) to not lodge an objection based on juror bias, is noticeably absent from the District Court's December 16, 2014 Order. Instead, the District Court focused its decision on Mr. Powell not sufficiently demonstrating that he in fact suffered prejudice. See J.A. 1619-1620. However, based on the current landscape of the authoritative case law, the presence of an impaneled biased juror during his criminal trial would undoubtedly bring into question the fundamental fairness and reliability of Mr. Powell's trial and the corresponding jury verdict. Accordingly, such a question amounts to a per se prejudice if, in fact, a bias juror was allowed to remain impaneled.

Due to the nature of trial counsel's ineffective assistance, Mr. Powell is left with few opportunities to demonstrate that his trial would have been different had the bias of Juror Sherman been properly addressed. Because the District Court was unaware of Juror Sherman's comments, no inquiry as to bias or impartiality was conducted. In turn, there is no definitive means

of drawing conclusions as to the full extent of the bias or whether such bias extensively and dramatically impacted the jury and its ultimate verdict. As such, the critical inquiry in this matter should be whether the bias demonstrated by the comments of Juror Sherman, without the benefit of intervention by the Court, undermines the confidence in the outcome of Mr. Powell's trial.

In support of Mr. Powell's argument, the undersigned points to the deep rooted safeguards found in the historical holdings of the Supreme Court, and adopted by this Honorable Court, to ensure the integrity of the Sixth Amendment. Trying a criminally accused individual before an unquestionably impartial jury is paramount to ensure the interests of justice and fundamental fairness in the criminal judicial system. As such, denying a defendant relief, based upon unsupported conclusions about the presumed strategic actions of defense counsel, would undermine the defendant's Sixth Amendment rights. This proves all the more crucial where the decision resulted in no discernable benefit, and instead invited a high probability or certainty of prejudice to the defendant. Finding such actions by defense counsel to be reasonable would be inconsistent with the fundamental protections afforded by the Sixth Amendment. Moreover, the reliance upon a juror who cannot be said to have made decisions solely on the evidence

presented during trial, would serve to undermine the full confidence in the outcome of Mr. Powell's trial. Given the nature and directness of the biased comments, there is simply no record evidence to establish that Juror Sherman was able to set aside her clearly preconceived notions about Mr. Powell.

Accordingly, the facts surrounding Mr. Powell's trial should be found to render his trial fundamentally unreliable as a result of trial counsel's deficient representation. Such a finding would satisfy the second prong of the *Strickland* analysis, effectively establishing a successful claim for ineffective assistance of counsel. Accordingly Mr. Powell should be afforded the requested relief pursuant to 28 U.S.C. § 2255.

## <u>CONCLUSION</u>

The district court erred by dismissing Mr. Powell's motion for relief based on ineffective assistance of counsel under 28 U.S.C. § 2255. Accordingly, Mr. Powell prays that this Court vacate the District Court's Order denying the requested relief, and remand his case to the District Court for further proceedings in accordance with ruling of this Honorable Court.

## **REQUEST FOR ORAL ARGUMENT**

Mr. Powell respectfully requests Oral Argument before this Honorable Court. Mr. Powell asserts that this request is made in order to ensure a full exposition of the issues presented in this case.

It is Mr. Powell's assertion that the Court's decision-making process would be greatly aided by oral argument.

Respectfully submitted this the 9th day of October, 2015.

/s/ R. Clarke Speaks
Attorney for Defendant
Speaks Law Firm
2808 Market Street
Post Office Box 2823
Wilmington, NC 28402
(910) 341-7570
Fax (910)-341-7571
Clarke@speakslaw.com
State Bar No. 24538

20

# <u>CERTIFICATE OF COMPLIANCE</u>

1.      This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

[ X ] this brief contains [*3,365*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

[      ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

[ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; or

[      ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: <u>October 9, 2015</u>          <u>/s/ R. Clarke Speaks</u>
                                        *Counsel for Appellant*

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on this 9th day of October, 2015, I caused this Brief of Appellant and Joint Appendix to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

> Jennifer P. May-Parker
> Seth M. Wood
> OFFICE OF THE U.S. ATTORNEY
> 310 New Bern Avenue, Suite 800
> Raleigh, North Carolina  27601
> (919) 856-4530
>
> *Counsel for Appellee*

I further certify that on this 9th day of October, 2015, I caused the required copies of the Brief of Appellant and Joint Appendix to be hand filed with the Clerk of the Court.

/s/ R. Clarke Speaks
*Counsel for Appellant*
