BRIEF FOR APPELLEE

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————————

NO. 15-6232

————————————

UNITED STATES OF AMERICA,

Appellee,

v.

MARVIN WILBERT POWELL,

Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

BRIEF OF THE UNITED STATES

JOHN STUART BRUCE
Acting United States Attorney

BY: JENNIFER P. MAY-PARKER
SETH M. WOOD
Assistant United States Attorneys
310 New Bern Avenue
Suite 800
Raleigh, North Carolina 27601
Telephone: (919) 856-4530

Attorneys for Appellee

TABLE OF CONTENTS

TABLE OF AUTHORITIES......................................... ii

STATEMENT OF JURISDICTION..................................... 1

STATEMENT OF ISSUE........................................... 2

STATEMENT OF FACTS........................................... 3

SUMMARY OF ARGUMENT......................................... 10

ARGUMENT................................................... 12

    THE DISTRICT COURT DID NOT ERR IN DISMISSING
    POWELL'S CLAIM UNDER 28 U.S.C. § 2255 THAT
    COUNSEL SHOULD HAVE RAISED AN OBJECTION BASED ON
    JUROR BIAS ............................................. 12

    A.  Standard of Review ................................. 12

    B.  Discussion of Issue ................................ 12

CONCLUSION................................................. 26

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

i

TABLE OF AUTHORITIES

<u>CASES</u>

<u>Ashcroft v. Iqbal</u>,
    556 U.S. 662 (2009)......................................13, 16

<u>Aziz v. Alcolac, Inc.</u>,
    658 F.3d 388 (4th Cir. 2011)...............................13

<u>Barnes v. Joyner</u>,
    751 F.3d 229 (4th Cir. 2014)...........................24, 25

<u>Bell Atlantic Corp. v. Twombly</u>,
    550 U.S. 544 (2007)........................................13

<u>Billings v. Polk</u>,
    441 F.3d 238 (4th Cir. 2006)...............................21

<u>Brecht v. Abrahamson</u>,
    507 U.S. 619 (1993)........................................16

<u>Conaway v. Polk</u>,
    453 F.3d 567 (4th Cir. 2006)...........................17, 18

<u>Conner v. Polk</u>,
    407 F.3d 198 (4th Cir. 2005)...........................18, 26

<u>Fitzgerald v. Greene</u>,
    150 F.3d 357 (4th Cir. 1998)..........................passim

<u>Fullwood v. Lee</u>,
    290 F.3d 663 (4th Cir. 2002)...............................25

<u>Gardner v. Ozmint</u>,
    511 F.3d 420 (4th Cir. 2007)...............................15

<u>Irvin v. Dowd</u>,
    366 U.S. 717 (1961)........................................17

<u>Jones v. Cooper</u>,
    311 F.3d 306 (4th Cir. 2002)...........................18, 20

<u>Kimbrough v. United States</u>,
    552 U.S. 85 (2007).........................................4

Kimmelman v. Morrison,
  477 U.S. 365 (1986)........................................14

McDonough Power Equipment, Inc. v. Greenwood,
  464 U.S. 548 (1984)....................................17, 18

Miller v. United States,
  261 F.2d 546 (4th Cir. 1958)..............................14

Porter v. Zook,
  803 F.3d 694 (4th Cir. 2015)..........................17, 18

Powell v. United States,
  128 S. Ct. 868 (Mem) (2008)..............................3, 4

Powell v. United States,
  130 S. Ct. 478 (Mem) (2009)................................4

Remmer v. United States,
  347 U.S. 227 (1954)...................................24, 25

Sharpe v. Bell,
  593 F.3d 372 (4th Cir. 2010)..............................15

Sherman v. Smith,
  89 F.3d 1134 (4th Cir. 1996)..............................16

Smith v. Phillips,
  455 U.S. 209 (1982)...................................18, 21

Strickland v. Washington,
  466 U.S. 668 (1984)..................................passim

United States v.  Barahona,
  606 F. App'x 51 (4th Cir. 2015) (unpublished).............24-25

United States v. Duncan,
  598 F.2d 839 (4th Cir. 1979)..........................20-21

United States v. Evans,
  429 F. App'x 213 (4th Cir. 2011) (unpublished)...........13-14

United States v. Gamboa,
  415 F. App'x 456 (4th Cir. 2011) (unpublished)...........22-23

United States v. Gravely,
  840 F.2d 1156 (4th Cir. 1988).............................21

United States v. Jones,
  600 F. App'x 74 (4th Cir. 2014) (unpublished)................12

United States v. Leeson,
  453 F.3d 631 (4th Cir. 2006)................................25

United States v. Magini,
  973 F.2d 261 (4th Cir. 1992)................................14

United States v. Malloy,
  758 F.2d 979 (4th Cir. 1985)................................21

United States v. Pettiford,
  612 F.3d 270 (4th Cir. 2010)................................14

United States v. Poindexter,
  492 F.3d 263 (4th Cir. 2007)................................12

United States v. Powell,
  225 F. App'x 138, (4th Cir. 2007) (unpublished).....3, 4, 19-20

United States v. Powell,
  330 F. App'x  443 (4th Cir. 2009) (unpublished)..........4, 19

United States v. Roane,
  378 F.3d 382 (4th Cir. 2004)................................12

United States v. Santiago,
  No. 14-6449, 2015 WL 928220
  (4th Cir. Dec. 22, 2015) (unpublished) .....................16

United States v. Serrano,
  517 F. App'x 184 (4th Cir. 2013) (unpublished)..........passim

United States v. Smith,
  395 F.3d 516 (4th Cir. 2005)................................14

United States v. Thomas,
  627 F.3d 534 (4th Cir. 2010)................................13

United States v. Thompson,
  744 F.2d 1065 (4th Cir. 1984)...............................23

United States v. Turner,
  389 F.3d 111 (4th Cir. 2004)................................17

United States v. Witherspoon,
  231 F.3d 923 (4th Cir. 2000)..................................14

Wells v. Murray,
  831 F.2d 468 (4th Cir. 1987)..................................17

<u>STATUTES</u>

18 U.S.C. § 2 ...............................................3

18 U.S.C. §§ 922(g)(1).......................................3

18 U.S.C. § 924(c)...........................................3

21 U.S.C. § 841(a)(1)........................................3

21 U.S.C. § 846 .............................................3

28 U.S.C. § 1291.............................................1

28 U.S.C. § 2254.............................................15

28 U.S.C. § 2255..........................................passim

28 U.S.C. § 2255(b).......................................13, 26

<u>RULES</u>

Fed. R. App. P. 28(a)(7), (8)................................25

Fed. R. Civ. P. 12(b)(6).................................13, 16, 21

## STATEMENT OF JURISDICTION

Jurisdiction to the district court was based on 28 U.S.C. § 2255. This Court has jurisdiction over the defendant's appeal pursuant to 28 U.S.C. § 1291. The district court entered its judgment dismissing the defendant's § 2255 motion on December 16, 2014. The defendant filed a timely notice of appeal on February 16, 2015.

## STATEMENT OF ISSUE

Whether Powell's counsel was ineffective for failing to raise an objection based on juror bias.

STATEMENT OF FACTS

Procedural History

On February 23, 2005, a federal grand jury sitting in the Eastern District of North Carolina returned a superseding indictment charging Powell with possession with the intent to distribute 50 grams or more of cocaine base (crack) and a quantity of cocaine and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count One); conspiracy to possess with the intent to distribute more than 50 grams of cocaine base (crack) and a quantity of cocaine, in violation of 21 U.S.C. § 846 (Count Two); possession with the intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (Count Three); possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Four); and possession of a firearm and/or ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. (J.A. 5, Docket Entry 10); see also United States v. Powell, 225 F. App'x 138, 138-39 (4th Cir. 2007) (unpublished) (describing Powell's convictions), judgment vacated by Powell v. United States, 128 S. Ct. 868 (Mem) (2008).

Powell pleaded not guilty on June 13, 2005. (J.A. 6). A jury was selected on June 15, 2005, and impaneled on June 17, 2005. (J.A. 7). Powell's trial occurred between June 17, 2005, and June 21, 2005. (J.A. 7-8). At the conclusion of the trial,

3

the jury found Powell guilty on all five counts charged in the superseding indictment. (J.A. 8, Docket Entry 28).

Powell was sentenced on January 18, 2006, to 240 months' imprisonment on Counts One and Two, 60 months' imprisonment on Count Three, and 120 months' imprisonment on Count Five, with all counts to run concurrently with each other. (J.A. 11, Docket Entry 50). Powell also received a sentence of 60 months' imprisonment on Count Four, which ran consecutively with the other counts. (J.A. 11, Docket Entry 50). Powell appealed his judgment, and this Court affirmed in an opinion issued on May 7, 2007. Powell, 225 F. App'x at 138. The Supreme Court of the United States, however, vacated Powell's appeal and remanded for further consideration in light of Kimbrough v. United States, 552 U.S. 85 (2007). Powell, 128 S. Ct. 868 (Mem). The district court resentenced Powell on May 28, 2008, to the same term of imprisonment. (J.A. 14, Docket Entries 68, 71). Powell appealed his amended judgment, and this Court affirmed in an opinion issued on June 19, 2009. United States v. Powell, 330 F. App'x 433 (4th Cir. 2009) (unpublished). The Supreme Court denied Powell's petition for certiorari on October 20, 2009. Powell v. United States, 130 S. Ct. 478 (Mem) (2009).

On or about October 14, 2010, Powell filed a timely motion and memorandum in support under 28 U.S.C. § 2255. (J.A. 15, Docket Entries 84, 85). In his motion, Powell raised 16

4

different challenges to his conviction or sentence. (J.A. 1606-07). Of particular relevance to this appeal, Powell alleged that trial counsel was constitutionally ineffective for failing to challenge the alleged bias of a juror (Ground Seven). (J.A. 165-70). On November 24, 2010, the government filed a motion to dismiss and memorandum in support. (J.A. 15, Docket Entry 88). After Powell made additional filings, the government sought permission to file a supplemental brief, and the district court agreed. (J.A. 16, Docket Entries 93, 94, 96, 97). After the government filed its supplemental brief, the district court on December 16, 2013, ordered the government to address each of Powell's motions "in a manner which fully addresses the issues raised by Powell." (J.A. 16, Docket Entry 98).

On January 30, 2014, the government filed a motion to dismiss or, in the alternative, for summary judgment. (J.A. 17, Docket Entries 108, 109). As part of its motion, the government, after describing the standard under Federal Rule of Civil Procedure 12(b)(6), stated, "[u]nless otherwise stated herein, Respondent assumes, solely for purposes of this motion, the facts alleged by Petitioner." (J.A. 940).

On February 6, 2014, the district court allowed an evidentiary hearing regarding Powell's claim that counsel failed to convey a plea offer from the government (Ground Two). (J.A. 18, Docket Entry 114). On March 6, 2014, the district court

5

appointed counsel to represent Powell at the evidentiary hearing. (J.A. 18, Docket Entry 119). On July 18, 2014, Powell, through counsel, moved the district court to expand the scope of the evidentiary hearing to include a claim of prosecutorial misconduct and a claim that counsel was ineffective for failing to move to dismiss Powell's case based on pre-indictment delay. (J.A. 19, Docket Entry 132). The district court denied Powell's motion on July 22, 2014. (J.A. 19, Docket Entry 134). The evidentiary hearing took place on September 16, 2014. (J.A. 19, Docket Entry 138).

Following supplemental briefing, the district court issued an order on December 16, 2014, granting the government's motion to dismiss in part and denying it in part. (J.A. 1604-42). In its order, the district court denied Powell relief on Ground Two and dismissed his other claims for either failure to state a claim for relief (J.A. 1610-30) or procedural default (J.A. 1639-41).[1]

The district court entered its judgment against Powell on December 16, 2014. (J.A. 1643). On February 16, 2015, Powell filed a timely notice of appeal. (J.A. 1644). Following informal briefing, this Court granted a certificate of appealability as to "whether Powell's trial counsel was

---

[1] The district court also denied a motion for summary judgment and motion for default judgment that Powell had filed. (J.A. 1642).

6

ineffective for failing to raise an objection based on juror bias." (Docket Entry 10).

<u>Allegations in Powell's Claim That Counsel was Ineffective for Failing to Raise a Biased Juror Objection</u>

In his Seventh Ground, Powell alleged that counsel was ineffective for failing to raise an objection based on the alleged bias of a juror (hereinafter referred to as "LS").[2] (J.A. 165-70, 506-11, 826-27). Powell alleged that, prior to trial but after the completion of voir dire, a particular juror made a comment "that implied that she was biased against Powell" and that Powell and his father reported this statement to his trial counsel (Aguirre). (J.A. 166). Through an affidavit signed by Powell's father, Powell alleged that the juror told Powell's father that "everything would be alright and that [the father] needed to give [his] son a good kick in the butt." (J.A. 830). Powell likewise alleged that he overheard the juror informing Powell's father that "he should give [Powell] a good kick in the butt." (J.A. 827; <u>see also</u> J.A. 168 (alleging that LS thought and declared that "Powell should be kicked in the butt")).

Powell alleged that such a statement was made while Powell, his father, and the juror were entering the courthouse on June 17, 2005. (J.A. 827, 830). Powell further alleged that he

---

[2] The government is using the initials of the name Powell provided in his § 2255 motion. (<u>See, e.g.</u>, J.A. 166).

identified the woman as a juror when his trial began and that he and his father related what they heard from the juror to Aguirre. (J.A. 827, 830). Powell alleged that his first day of trial began immediately after his father told Aguirre of his interactions with the juror and that Aguirre focused on the trial. (J.A. 827). Powell alleges that Aguirre later identified the juror by name. (J.A. 827). Powell alleges that Aguirre did not raise this issue with the district court. (J.A. 167).

<u>The District Court's Order</u>

On December 16, 2014, the district court issued its order dismissing or denying Powell's claims. (J.A. 1604-42). As part of its order, the district court stated that "the purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action." (J.A. 1608). The district court also stated that, in "considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations." (J.A. 1608).

With respect to Ground Seven, the district court concluded that, "even if [LS] made a comment that showed she held a preconceived belief of Powell's guilt, this alone does [not]

establish that [LS] was not an impartial juror."[3]   The district court also held that Powell failed to allege sufficient prejudice in that "Powell has failed to suggest how there is a reasonable probability that if his attorney had moved for the removal of [LS], the court would have allowed the motion and the outcome of his trial would have been different."   (J.A. 1620). The district court also held that because "Powell's seventh claim viewed in isolation reveals that dismissal is warranted, [it] did not have to consider" the affidavits of Powell and his father "in making its decision." (J.A. 1619 n.4).   As a result, the district court dismissed Ground Seven of Powell's § 2255 motion.

---

[3] The district court's order does not include the "not" added in the quotation.   Based on the remainder of the district court's discussion of the issue, this appears to have been an omission.

9

## SUMMARY OF ARGUMENT

The district court did not err in dismissing Ground Seven of Powell's 28 U.S.C. § 2255 motion. Consistent with Supreme Court precedent, a court assumes the truth of the allegations in a § 2255 motion when evaluating a motion to dismiss based on Federal Rule of Civil Procedure 12(b)(6). Even with that assumption, however, Powell failed to allege sufficient facts to satisfy the prejudice prong of <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). For example, Powell failed to demonstrate a reasonable probability that, had Aguirre raised a claim of juror bias, LS would have been removed. As the district court noted, jurors are presumed to be impartial, and even a preconceived notion of guilt will not, on its own, require the removal of a juror.

Powell has not pointed to any other evidence of LS's alleged bias. Powell has not alleged on appeal that a defect existed in the voir dire process or that LS answered falsely in response to voir dire questions. Moreover, during the district court's charge to the jury, jurors were instructed to base their decisions on the evidence and testimony offered in the case, as opposed to their prejudice or sympathy. Consequently, the district court did not err in concluding that Powell failed to establish the required prejudice. Given the district court's holding that LS would not have been removed based on this

10

comment alone, counsel also did not fall below an objective standard of reasonableness for failing to raise the biased juror claim.

Consequently, this Court should affirm the judgment of the district court. If this Court determines that the district court erred in granting the government's motion to dismiss, it should remand this matter for an evidentiary hearing.

ARGUMENT

THE DISTRICT COURT DID NOT ERR IN DISMISSING POWELL'S CLAIM UNDER 28 U.S.C. § 2255 THAT COUNSEL SHOULD HAVE RAISED AN OBJECTION BASED ON JUROR BIAS

A.    Standard of Review.

In reviewing a decision on a motion to vacate under 28 U.S.C. § 2255, this Court reviews de novo both legal issues, United States v. Poindexter, 492 F.3d 263, 267 (4th Cir. 2007), and mixed questions of law and fact, United States v. Roane, 378 F.3d 382, 395 (4th Cir. 2004).  "When the district court denies § 2255 relief without conducting an evidentiary hearing, [this Court] review[s] the facts in the light most favorable to the § 2255 movant."  United States v. Jones, 600 F. App'x 74, 75 (4th Cir. 2014) (unpublished) (citing Poindexter, 492 F.3d at 267).

B.    Discussion of Issue.

Powell argues that the district court erred in denying Ground Seven of Powell's motion.  Specifically, Powell argues that Aguirre's alleged failure to act in response to the information regarding LS's alleged statements cannot be labeled as a strategic decision.  (Brief at 14-15).  Powell further argues that Aguirre's alleged ineffectiveness prejudiced him in that it allowed "an impaneled biased juror during his criminal trial."  (Brief at 16-18).  For the reasons discussed below, Powell's arguments fail.

12

Importantly, with respect to Ground Seven, this matter is on appeal from the district court's grant of dismissal based on Federal Rule of Civil Procedure 12(b)(6). "To survive a motion to dismiss pursuant to Rule 12(b)(6), [Petitioner's] '[f]actual allegations must be enough to raise a right to relief above the speculative level,' thereby 'nudg[ing] their claims across the line from conceivable to plausible.'" Aziz v. Alcolac, Inc., 658 F.3d 388, 391 (4th Cir. 2011) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)). Courts assume the truth of all "well-pleaded, nonconclusory factual allegations." Aziz, 658 F.3d at 391 (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)).

"Under § 2255(b), '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief,' the court must grant a prompt hearing to 'determine the issues and make findings of fact and conclusions of law with respect thereto.'" United States v. Thomas, 627 F.3d 534, 539 (4th Cir. 2010) (quoting 28 U.S.C. § 2255(b)).[4] "An evidentiary hearing in open court is required when a movant presents a colorable Sixth Amendment claim showing disputed facts beyond the record and a credibility determination is

---

[4] Although the government's motion was characterized as a motion to dismiss or, in the alternative, for summary judgment, the district court dismissed Ground Seven of Powell's § 2255 motion for failure to allege ineffective assistance of counsel. (J.A. 1610, 1619-20).

necessary in order to resolve the issue." United States v. Evans, 429 F. App'x 213, 214 (4th Cir. 2011) (unpublished) (citing United States v. Witherspoon, 231 F.3d 923, 925–27 (4th Cir. 2000)); see also United States v. Magini, 973 F.2d 261, 264 (4th Cir. 1992).

Powell ultimately bears the burden to demonstrate by a preponderance of the evidence that counsel's failure to raise a biased juror objection amounts to ineffective assistance of counsel. See Kimmelman v. Morrison, 477 U.S. 365, 381–82 (1986); United States v. Pettiford, 612 F.3d 270, 277 (4th Cir. 2010); Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958) ("Because the proceeding under 28 U.S.C. § 2255 is a civil collateral attack upon the judgment of conviction, the burden of proof is upon petitioner to establish [his claim] by a preponderance of evidence."). This Court is "not limited to evaluation of the grounds offered by the district court to support its decision, but may affirm on any grounds apparent from the record." United States v. Smith, 395 F.3d 516, 519 (4th Cir. 2005).

To succeed on a claim of ineffective assistance of counsel, Petitioner must satisfy the two-pronged requirements of Strickland v. Washington, 466 U.S. 668, 687 (1984). Under Strickland, Petitioner must first show "'that counsel's performance fell below an objective standard of

14

reasonableness.'" Sharpe v. Bell, 593 F.3d 372, 382 (4th Cir. 2010) (quoting Strickland, 466 U.S. at 688). "Judicial scrutiny of counsel's performance must be highly deferential, and a reviewing court must avoid the biases of hindsight." Sharpe, 593 F.3d at 382 (internal quotation marks and citation omitted). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689.

Second, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In discussing the prejudice prong of Strickland in a 28 U.S.C. § 2254 action, this Court noted that the state trial transcript offered "no evidence that counsel's actions resulted in the seating of a juror biased or otherwise prejudiced" against the defendant. Gardner v. Ozmint, 511 F.3d 420, 426 (4th Cir. 2007). Because the Court did not find that the juror was biased, it did not address the defendant's claim "that the participation of a biased juror is presumptively prejudicial." Gardner, 511 F.3d at 426. On collateral review, "this Court has repeatedly examined instances of juror misconduct and bias for harmlessness." Fitzgerald v. Greene, 150 F.3d 357, 365 (4th

15

Cir. 1998) (internal citations omitted); see also Sherman v. Smith, 89 F.3d 1134, 1139 (4th Cir. 1996).  In conducting such a review, a court determines whether a biased juror's "presence on the jury had a 'substantial and injurious effect or influence in determining the jury's verdict.'"  Fitzgerald, 150 F.3d at 366 (quoting Brecht v. Abrahamson, 507 U.S. 619, 637 (1993)).

Assuming the truth of Powell's factual allegations for purposes of the government's Rule 12(b)(6) motion, see Iqbal, 556 U.S. at 679, Powell's claim nevertheless fails both prongs of Strickland.  As LS's alleged statement, on its own, does not warrant removal or otherwise show that the failure to remove LS was not harmless, Powell failed to allege the required prejudice.[5]  Similarly, as the statement itself would not warrant removal, counsel was not ineffective for failing to raise this issue to the district court.

"In essence, the right to jury trial guarantees to the criminally accused a fair trial by a panel of impartial, 'indifferent' jurors.  The failure to accord an accused a fair hearing violates even the minimal standards of due process."

---

[5] As the prejudice prong addresses both prongs of Strickland, it is addressed first in this brief.  United States v. Santiago, No. 14-6449, 2015 WL 9288220, at *3 (4th Cir. Dec. 22, 2015) (unpublished) ("The Strickland Court also made clear that '[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed,' and we do so here.") (quoting Strickland, 466 U.S. at 697).

_Irvin v. Dowd_, 366 U.S. 717, 722 (1961). Jurors are "presumed to be impartial, absent indications to the contrary." _Wells v. Murray_, 831 F.2d 468, 472 (4th Cir. 1987). "The existence of a juror's preconceived notion as to the guilt of the accused will not by itself destroy the presumption of impartiality." _Wells_, 831 F.2d at 472. "Rather, a juror is incompetent to serve only if the juror cannot set aside this preconceived notion to fairly judge the evidence." _United States v. Serrano_, 517 F. App'x 184, 185 (4th Cir. 2013) (unpublished) (citing _Irvin_, 366 U.S. at 723). The burden of showing juror bias is on the challenger. _United States v. Turner_, 389 F.3d 111, 117 (4th Cir. 2004).

The Supreme Court "has explained that a juror's bias may be established by showing (1) that the juror 'failed to answer honestly a material question on voir dire'; and (2) that 'a correct response [to that question] would have provided a valid basis for a challenge for cause.'" _Conaway v. Polk_, 453 F.3d 567, 585 (4th Cir. 2006) (quoting _McDonough Power Equip., Inc. v. Greenwood_, 464 U.S. 548, 556 (1984)). Under the _McDonough_ test, relief is available "only if a 'juror fail[s] to answer honestly a material question.'" _Porter v. Zook_, 803 F.3d 694, 697 (4th Cir. 2015) (quoting _McDonough_, 464 U.S. at 556). "Additionally, a litigant must show that the fairness of his trial was affected either by the juror's 'motives for concealing [the] information' or the 'reasons that affect [the] juror's

17

impartiality.'" _Conaway_, 453 F.3d at 585 (quoting _McDonough_, 464 U.S. at 556); _see also_ _Conner v. Polk_, 407 F.3d 198, 206 n.5 (4th Cir. 2005) (noting that "[c]ounsel's actions during voir dire are presumed to be matters of trial strategy") (internal quotation marks and citation omitted).[6]

The "_McDonough_ test is not the exclusive test for determining whether a new trial is warranted: a showing that a juror was actually biased, regardless of whether the juror was truthful or deceitful, can also entitle a defendant to a new trial." _Jones v. Cooper_, 311 F.3d 306, 310 (4th Cir. 2002); _see also_ _Porter_, 803 F.3d at 698 (discussing _Jones_ and _Smith v. Phillips_, 455 U.S. 209 (1982)).

Powell alleged that LS made adverse comments to his father prior to the start of trial and that counsel should have raised a biased juror claim to the district court. (J.A. 165-169; J.A. 507-10). Specifically, Powell alleged that LS said that Powell "should be kicked in the butt." (J.A. 169, 510). Powell, through his father's affidavit, similarly alleged that LS said that "everything would be alright and that [the father] needed to give [his] son a good kick in the butt." (J.A. 830).[7]

---

[6] This Court has applied _McDonough_ to federal criminal proceedings. _See, e.g._, _Jones_, 311 F.3d at 310 (citing _Fitzgerald_, 150 F.3d at 362-63).

[7] In its order dismissing Ground Seven, the district court stated that it did not consider the affidavits or Powell or his father. (J.A. 1619 n.4). The heart of Powell's allegation (that LS

Although such comments (if made) would be regrettable, they did not show that LS had made up her mind as to Powell's guilt or innocence or that LS would not be able to evaluate the evidence independently and impartially. Powell alleged that the statement was made before the jury began to hear evidence. (J.A. 166, 827, 830; <u>see also</u> J.A. 7). And Powell has not otherwise alleged information to show that LS could not "set aside" her alleged statement "to fairly judge the evidence." <u>Serrano</u>, 517 F. App'x at 185.

Powell does not otherwise argue before this Court that a defect existed in the voir dire process, which took place on June 15, 2005 (prior to LS's alleged statements).[8]  (J.A. 7). Powell did not argue before the district court and has not argued to this Court that the juror lied to the district court in answer to any of the district court's voir dire questions. Indeed, Powell, through counsel, did not raise any concern regarding the impartiality of the jury on either of his direct appeals, <u>United States v. Powell</u>, 330 F. App'x 433 (4th Cir. 2009) (unpublished); <u>United States v. Powell</u>, 225 F. App'x 138

---

stated that Powell should receive a kick in the rear) was contained in Powell's § 2255 motion, however.  (J.A. 168-69, 510).

[8] The jury selection process occurred on June 15, 2005, and was not transcribed.  (J.A. 7).  The court reporter recently indicated to undersigned counsel that the retention period for those materials was 10 years.

(4th Cir. 2007) (unpublished), and Powell did not allege ineffective assistance of appellate counsel for failing to raise such a claim.

Moreover, the district court, in its charge to the jury, stated:

> By the same token, it is also your duty to base your verdict solely upon the testimony and evidence in the case, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors in this case, and they have the right to expect nothing less.

(S.J.A. 1648). Such a charge emphasized the jurors' obligation to base their decision "solely upon the testimony and evidence in the case, without prejudice or sympathy." (S.J.A. 1648). Powell has not alleged on appeal that this instruction was defective or that LS violated the oath referenced in the district court's charge.

Admittedly, as discussed previously, a defendant can challenge the partiality of a juror without focusing on the juror's behavior or answers at voir dire. Jones, 311 F.3d at 310. And, had counsel raised a jury partiality claim during trial or even prior to sentencing, the district court, within its discretion, could have taken steps to establish the facts surrounding the allegations against LS and to determine whether LS could be an impartial juror. United States v. Duncan, 598 F.2d 839, 866 (4th Cir. 1979) ("The circumstances in which juror

20

misconduct can occur are probably as varied as all of human experience. We have followed the view that the district court may deal with such claims as it feels the particular circumstances require and have only reversed for abuse of discretion."); see also United States v. Gravely, 840 F.2d 1156, 1159 (4th Cir. 1988).[9]

Ultimately, however, the district court on collateral review concluded that Powell "failed to suggest how there is a reasonable probability that if his attorney had moved for the removal of [LS], the court would have allowed the motion." (J.A. 1620). Consistent with Rule 12(b)(6), the district court assumed the truth of the allegations[10] in Powell's § 2255 motion

---

[9] Courts often hold a post-trial hearing on a claim of juror bias or misconduct. Fitzgerald, 150 F.3d at 364 (holding that the "'remedy for allegations of jury partiality is a hearing in which the defendant has the opportunity to prove actual bias'") (quoting Smith, 455 U.S. at 215); see also United States v. Malloy, 758 F.2d 979, 982 (4th Cir. 1985) ("The lesson of Smith v. Phillips and its progeny is that the participation of a juror whose impartiality is suspect for reasons not known to defense counsel at the time of voir dire does not per se require a new trial. Instead, the verdict may be set aside if a post-trial hearing demonstrates that the juror was actually biased."). "But this does not mean that a court is obliged to hold an evidentiary hearing any time that a defendant alleges juror bias, regardless of whether he utilized the pre-trial procedures available for ensuring the jury's impartiality." Billings v. Polk, 441 F.3d 238, 245-46 (4th Cir. 2006). Ground Seven, however, alleges ineffective assistance of counsel rather than a direct juror bias claim.

[10] As noted previously, although the district court did not consider the affidavits of Powell or his father when it dismissed Ground Seven (J.A. 1619 n.4), Powell alleged in his

21

in evaluating the government's motion to dismiss. (J.A. 1608 (holding that, in "considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations"); see also J.A. 1620).

In discussing Ground Seven, the district court "note[d] that even if [LS] made a comment that showed she held a preconceived belief of Powell's guilt, this alone does [not] establish that [LS] was not an impartial juror."[11] (J.A. 1620). In making this determination, the district court necessarily determined, based on Powell's allegations, whether and how it would have acted if Aguirre had made LS's alleged statement known. Given that the district court presided over Powell's criminal trial, sentencing, and resentencing, the court was familiar with the facts and proceedings of Powell's case. Cf. Serrano, 517 F. App'x at 185 (noting, on direct review, that a "trial court's findings that a juror is impartial may be overturned only based on manifest error") (internal quotation and citation omitted); United States v. Gamboa, 415 F. App'x 456, 458 (4th Cir. 2011) (unpublished) (noting, with respect to a challenge to the district court's decision to seat a juror,

---

§ 2255 motion that LS stated that Powell "should be kicked in the butt." (J.A. 169, 510).

[11] See note 3, supra.

that "[i]t is within the trial judge's discretion to assess the credibility of a potential juror's statements about a lack of bias or prejudice") (citing <u>United States v. Thompson</u>, 744 F.2d 1065, 1068 (4th Cir. 1984)).

<u>Serrano</u> is informative with respect to the district court's dismissal of Powell's claim. In <u>Serrano</u>, the defendant on direct review alleged that several jurors made comments to a deputy clerk that "demonstrated prejudgment of Serrano's guilt." 517 F. App'x at 184. The district court "made relevant inquiries of the deputy clerk, under oath, before concluding that no bias was demonstrated by the jurors' statements." <u>Id.</u> at 185. Likewise, in this matter, the district court assumed the truth of the allegations Powell made in his § 2255 motion (<u>see</u> J.A. 165-69) but ultimately concluded that Powell failed to show a reasonable probability that, had counsel made a motion to disqualify LS based on those allegations, the court would have granted the motion. (J.A. 1620).

With respect to harmlessness, Powell has not argued why, in this particular case, LS's "presence on the jury had a 'substantial and injurious effect or influence in determining the jury's verdict.'" <u>Fitzgerald</u>, 150 F.3d at 366. Aside from arguing that the presence of a biased juror is per se prejudicial (Brief at 16-18), Powell does not meaningfully address the harmlessness inquiry or address the district court's

determination that Powell failed to show a reasonable probability that, had counsel moved for LS's removal, that "the court would have allowed the motion and the outcome of his trial would have been different." (J.A. 1620) (emphasis added). Consequently, Powell has not alleged sufficient facts to satisfy the prejudice prong of Strickland.

Importantly, Powell did not allege before the district court and does not allege on appeal that counsel was ineffective for failing to raise an improper juror contact claim. See Barnes v. Joyner, 751 F.3d 229, 244 (4th Cir. 2014) ("Accordingly, it is clearly established federal law for purposes of our review under AEDPA that a defendant is entitled to a hearing when he or she presents a credible allegation of communications or contact between a third party and a juror concerning the matter pending before the jury.") (discussing Remmer v. United States, 347 U.S. 227 (1954)). Under Remmer, "'any private communication [or] contact . . . with a juror during a trial about the matter pending before the jury is . . . presumptively prejudicial.'" Remmer, 347 U.S. at 229. "To trigger the presumption, 'the defendant bears the initial burden of establish[ing] both that an unauthorized contact was made and that it was of such a character as to reasonably draw into question the integrity of the verdict.'" United States v. Barahona, 606 F. App'x 51, 68 (4th Cir. 2015) (unpublished)

24

(quoting Fullwood v. Lee, 290 F.3d 663, 678 (4th Cir. 2002)). In evaluating the contact between a juror and a third party, a court considers factors emphasized in Remmer: "any private communication; any private contact; any tampering; directly or indirectly with a juror during trial; about the matter before the jury." Barnes, 751 F.3d at 245.

Powell has not alleged that LS was influenced by her alleged contact with Powell's father. Rather, he has alleged that the contact reflected LS's bias and that counsel should have raised that issue to the district court. (J.A. 166, 507). As a result, even if Powell now wished to argue that counsel should have raised an improper juror contact claim, such a claim is waived. See United States v. Leeson, 453 F.3d 631, 638 n.4 (4th Cir. 2006); Fed. R. App. P. 28(a)(7), (8). If, however, this Court determines that Powell has alleged that counsel was ineffective for failing to raise an improper juror contact claim, the government agrees that an evidentiary hearing on that claim is warranted.

Consequently, Powell failed to allege the required prejudice under Strickland with respect to Ground Seven. Likewise, as LS's alleged statement, on its own, did not warrant removal, counsel's alleged performance did not fall below an objective standard of reasonableness. To the extent Powell characterizes his claim as challenging counsel's performance

during the voir dire process, "[c]ounsel's actions during voir dire are presumed to be matters of trial strategy." <u>Conner v. Polk</u>, 407 F.3d 198, 206 n.5 (4th Cir. 2005) (internal quotation marks and citation omitted).

As a result, the district court did not err in dismissing Ground Seven of Powell's § 2255 motion pursuant to Rule 12(b)(6). If the Court determines that Powell's allegations create an issue of material fact as to counsel's performance and prejudice under <u>Strickland</u>, this matter should be remanded for an evidentiary hearing. <u>See</u> 28 U.S.C. § 2255(b).

<u>CONCLUSION</u>

For the foregoing reasons, the United States respectfully submits that the judgment of the district court should be affirmed.

Respectfully submitted, this 15th day of March, 2016.

                         JOHN STUART BRUCE
                         Acting United States Attorney


                 BY:    <u>/s/ Seth M. Wood</u>
                         SETH M. WOOD
                         Assistant United States Attorney
                         310 New Bern Avenue
                         Suite 800, Federal Building
                         Raleigh, North Carolina 27601-1461
                         Telephone: 919-856-4530

JENNIFER P. MAY-PARKER
Assistant United States Attorney

Of Counsel

26

<u>CERTIFICATE OF COMPLIANCE</u>

TO BE INCLUDED IMMEDIATELY BEFORE THE CERTIFICATE OF SERVICE FOR ALL BRIEFS FILED IN THIS COURT

1.  This brief has been prepared using (SELECT AND COMPLETE ONLY ONE):

_____    Fourteen point, proportionally spaced, serif typeface (such as CG Times or Times New Roman, NOT Sans Serif typeface such as Arial). Specify software name and version, typeface name, and point size below (for example, WordPerfect 8, CG Times, 14 point):

_____

_X_    Twelve point, monospaced typeface (such as Courier or Courier New). Specify software name and version, typeface name, and point size below (for example, WordPerfect 8, Courier New, 12 point):

Microsoft Word 2010, Courier New, 12 point

2.  EXCLUSIVE of the corporate disclosure statement, table of contents, table of citations, state with respect to oral argument, any addendum containing statutes, rules, or regulations, and the certificate of service, the brief contains (SELECT AND COMPLETE ONLY ONE):

_____  _____    Pages (give specific number of pages; may not exceed 30 pages for opening or answering brief or 15 pages for reply brief); OR

_X_    6497    Words (give specific number of words; may not exceed 14,000 words for opening or answering brief or 7,000 for reply brief); OR

_____  _____    Lines of Monospaced Type (give specific number of lines; may not exceed 1,300 lines for opening or answering brief or 650 for reply brief; may be used ONLY for briefs prepared in monospaced type such as Courier or Courier New).

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions. If the Court so directs, I will provide an electronic version of the brief and/or a copy of the word or line print-out.

/s/ Seth M. Wood
SETH M. WOOD
Signature of Filing Party

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 15th day of March, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF user:

R. Clarke Speaks
Speaks Law Firm
Counsel for Powell


/s/ Seth M. Wood
SETH M. WOOD
Assistant United States Attorney